STATE OF CONNECTICUT *v.* RICHARD L. FAMIGLETTI

REVIEW DIVISION OF THE SUPERIOR COURT

Decided April 3, 1967

*James R. Healey,* public defender, for the defendant.

*Walter M. Pickett, Jr.,* assistant state's attorney, for the state.

BY THE DIVISION. The defendant, age sixteen, pleaded guilty to four counts of breaking and entering in the daytime in violation of § 53-73 of the General Statutes. The prescribed penalty under this statute is imprisonment for not more than four years. The defendant was sentenced to an indeterminate term at the Connecticut reformatory on each of the four counts, with these sentences to run concurrently.

The four counts for which the instant sentence was imposed arose out of daytime breaks by this defendant. On January 31, 1966, the defendant entered a third-floor apartment in a Waterbury dwelling through a closed but unlocked door. He took therefrom a woman's pocketbook, removed $78 from it, and then threw the pocketbook on the stairway. On February 24, 1966, the defendant entered the second-floor of a Waterbury dwelling house through a closed but unlocked door. He took a box in a dresser drawer in a bedroom and removed $230 from it. On March 10, 1966, the defendant entered a Waterbury apartment house and proceeded to the third floor, where he saw a key in the door of an apartment. He unlocked the door and entered the apartment, where some money was taken. On April 2, 1966, the defendant went to still another Waterbury dwelling, and after finding the front door locked he went to the rear and entered through a closed but unlocked door. He spotted a woman's pocketbook on a chest in a rear bedroom and took $95 from it. The occupant, who was in another room of the apartment at the time, heard the defendant in the bedroom but did not see him until he had

left and she saw him running through the rear yard. She called the police, gave them a description, and the defendant was apprehended.

Although this defendant is only sixteen years old, he has demonstrated a callous disregard for the property of others since an early age. His juvenile record includes shoplifting, breaking and entering, theft and unlawful entry. It would appear that he was involved in breaks other than those for which he was sentenced to the Connecticut reformatory on June 7, 1966, which sentence is the subject of this review. Since attaining the age of sixteen, he was arrested for the first time on March 11, 1966, and while out on bond for that arrest he was again arrested on April 2, 1966, for breaking and entering. As a juvenile he was treated leniently, and the probation given him then, in view of his later behavior, points up his refusal to conform to accepted social standards. His arrest on April 2, 1966, while out on bond, spews out his heedless disregard for the law and the property of others. Under all the circumstances, his repeated offenses justified the sentence imposed.

The sentence is fair and just and should stand.

PALMER, HEALEY and BARBER, Js., participated in this decision.